**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**BRITTNEY BRUNET**

        **Plaintiff,**

_____

                           **NO.** _____

**K. R. DRENTH TRUCKING,**
**INC., ENDURANCE**
**ENVORONMENTAL**
**SOLUTIONS LLC,**
**SHARTRELLIS LAWSON,**
**And LIBERTY MUTUAL**
**INSURANCE COMPANY**

        **Defendants.**

_____

COMPLAINT FOR DAMAGES

COMES NOW Plaintiff BRITTNEY BRUNET, by and through the undersigned counsel and files this Complaint for damages and showing this Honorable Court the following:

1.

This is an action for personal injuries to Brittney Brunet, who was injured on January 26, 2021 due to the negligent conduct of K.R. DRENTH TRUCKING, INC. ("K.R. DRENTH"), ENURANCE ENVIRONMENTAL SOLUTIONS, LLC. ("ENDURANCE") and its driver, SHARTELLIS LAWSON ("LAWSON").

## PARTIES, JURISDICTION, and VENUE

2.

Brittney Brunet ("Plaintiff") is a citizen of the State of Georgia.

3.

Defendant K.R. DRENTH is a domestic corporation organized and existing under the laws of the State of Illinois.

4.

Defendant K.R. DRENTH' principal place of business is located at 20340 Stoney Island Avenue Lynwood, Illinois 60411.

5.

At all times material hereto, Defendant K.R. DRENTH was an interstate motor carrier as defined by the Federal Motor Carrier Safety Regulations.

6.

Defendant K.R. DRENTH may be served with process by delivering a copy of the summons and complaint to its process agent: Illinois Corporation Service C located at 801 Adlai Stevenson Drive Springfield, Illinois 62703.

7.

Defendant K.R. DRENTH is subject to the jurisdiction and venue of this Court.

8.

Defendant ENDURANCE is a domestic corporation organized and existing under the laws of the State of Illinois.

9.

Defendant ENDURANCE principal place of business is located at 20340 Stoney Island Avenue Lynwood, Illinois 60411.

10.

At all times material hereto, Defendant ENDURANCE was an interstate motor carrier as defined by the Federal Motor Carrier Safety Regulations.

11.

Defendant ENDURANCE may be served with process by delivering a copy of the summons and complaint to its process agent: Capitol Corporate Services, Inc., located at 1315 W. Lawrence Avenue Springfield, Illinois 62704.

12.

Defendant ENDURANCE is subject to the jurisdiction and venue of this Court.

13.

Defendant LAWSON is a citizen of the State of Georgia.

14.

Defendant LAWSON may be served in person with process at her residence located at 804 Preston Lake Drive Tucker, Georgia 30084.

15.

Defendant LAWSON is subject to the jurisdiction and venue of this Court.

16.

Defendant LIBERTY MUTUAL INSURACE COMPANY ("LIBERTY MUTUAL") is a foreign for-profit corporation organized and existing under the laws of Massachusetts.

17.

Defendant LIBERTY MUTUAL'S principal place of business is located in a state other than Georgia.

18.

Defendant LIBERTY MUTUAL may be served with process by delivering a copy of the summons and complaint to its registered agent: Corporate Service Company 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

19.

Defendant LIBERTY MUTUAL is subject to the jurisdiction and venue of this Court.

20.

The amount in controversy in this action exceeds the sum of $75,000.00 exclusive of interest and costs.

21.

There being a diversity of citizenship between Plaintiff and Defendants and because the amount in controversy in this action exceeds the sum of $75,000.00 exclusive of interest and costs, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

## **FACTS**

22.

On January 26, 2021 at approximately 06:49 both Plaintiff and Defendant LAWSON was traveling west on South Marietta Parkway between South and White Avenue in Cobb County, Georgia.

23.

Plaintiff traveled in the left lane and Defendant LAWSON traveled in the middle lane to the immediate right of Plaintiff.

24.

At all times while Defendant LAWSON was driving west on South Marietta Parkway the weather was dry and clear and the roadway surface was dry.

25.

At all times while she traveled west on South Marietta Parkway Defendant LAWSON had a clear view ahead of her tractor-trailer.

26.

At all times while traveling west on South Marietta Parkway Defendant LAWSON knew that she needed to maintain her lane of travel for the safety of the vehicles traveling besides her.

27.

At all times while traveling west on South Marietta Parkway Defendant LAWSON knew she must remain attentive to the roadway and not become distracted.

28.

While Plaintiff traveled west on South Marietta Parkway the passenger side of her vehicle was struck by the tractor-trailer operated by Defendant LAWSON.

29.

The lugs of the front driver side wheel on the tractor-trailer operated by Defendant LAWSON tore into the passenger side of Plaintiff's car.

30.

Had Defendant LAWSON maintained her lane of travel she would have been able to keep the driver side tractor-trailer wheel from striking Plaintiff's vehicle.

31.

No act or omission the part of Plaintiff caused, in whole or in part, the collision or her injuries.

32.

No act or omission the part of any third party caused, in whole or in part, the collision or Plaintiff injuries.

33.

As a result of the collision, Mrs. Brunet suffered physical injuries, pain and suffering.

## LIBILITY OF DEFENDANTS

## COUNT ONE

### (Lawson's Negligence and *Negligence Per Se*)

34.

Plaintiff incorporates herein by reference the allegations of the previous Paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

35.

At all times material hereto, Defendant LAWSON was a professional driver with a commercial driver's license.

36.

At all times material hereto, Defendant LAWSON was driving a commercial motor vehicle in interstate commerce and was subject to not only Georgia traffic laws and trucking safety regulations, but also the Federal Motor Carrier Safety Regulations.

37.

Defendant LAWSON was negligent in the operation of the tractor-trailer she was driving in at least the following ways:

(a)     Failure to maintain control of her tractor-trailer;

(b)     Failing to yield the right of way;

(c)     Failing to keep a proper lookout for traffic;

(d)     Failing to maintain her lane of travel;

(e)     Violating Georgia Motor Vehicle Laws including O.C.G.A. § 40-6-241 (Failing to Drive with Due Care); 40-6-390 (Reckless Driving); 40-6-48 (Failing to Maintain Lane); all of which constitute *negligence per se;*

*(f)*    Violation of Federal Motor Carrier Safety Regulations; including, without limitation; failing to operate her tractor-trailer in a safe and reasonable manner and other Federal Motor Carrier Safety Regulations, violations of which constitute *negligence per se*; and

*(g)*    Otherwise failing to act reasonably and prudently as a professional commercial driver should under the circumstances.

38.

Defendant LAWSON'S negligence was a direct and proximate cause of the injuries sustained by Mrs. Brunet.

39.

By virtue of her negligence, Defendant LAWSON is liable to Mrs. Brunet for all damages recoverable under the law.

## COUNT TWO

### (*Respondeat Superior* against K. R. DRENTH and ENDURANCE)

40.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

41.

At all times material hereto, Defendant LAWSON was acting within the course and scope of her employment or agency with Defendants K.R. DRENTH and ENURANCE and was furthering the business interests of Defendants K.R. DRENTH and ENDURANCE.

42.

Defendants K.R. DRENTH and ENDURANCE are liable under the doctrine of *respondeat superior* and the rules of agency for the injuries, damages, and losses sustained by Mrs. Brunet, resulting from the negligence of Defendant LAWSON.

**COUNT THREE**

**(K.R. DRENTH AND ENURANCE Negligence)**

43.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

44.

Defendants K.R. DRENTH AND ENDURANCE were at all times motor carriers as defined by the Federal Motor Carrier Safety Regulations and was engaged in interstate commerce.

45.

Defendants K.R. DRENTH AND ENDURANCE were at all times relevant subject to the Federal Motor Carrier Safety Regulations.

46.

As an employer and motor carrier, Defendants K.R. DRENTH and ENDURANCE had certain duties and responsibilities under the Federal Motor Carrier Safety Regulation, Georgia law, trucking industry standards and practices and its own corporate policies, standards and practices regarding the hiring, qualifying, training, entrusting, supervising and retaining of its commercial driver Defendant LAWSON, as well as duties to properly inspect and maintain its vehicles, and the duty to otherwise establish and implement necessary management controls and systems for the safe operation of its motor vehicles.

47.

Defendants K.R. DRENTH and ENDURANCE are independently liable for the damages, injuries, and losses caused, in whole or in part, by its breach of the foregoing duties.

48.

Defendants K.R. DRENTH and ENDURANCE are personally liable to Mrs. Brunet for all damages allowed by law as a result of the injuries, damages, and losses

sustained by Mrs. Brunet arising out of the independent negligence of Defendants K.R. DRENTH and ENDURANCE.

## COUNT FOUR

## (Direct Action against LIBERTY MUTUAL)

### 49.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

### 50.

Defendant LIBERTY MUTUAL was transacting business in the State of Georgia on the date of the collision described in this Complaint.

### 51.

Defendant LIBERTY MUTUAL was transacting business in Cobb County, Georgia on the date of the collision described in this Complaint.

### 52.

Defendant LIBERTY MUTUAL provided liability insurance coverage for Defendants K.R. DRENTH and ENDURANCE tractor-trailer that was involved in the collision described in this Complaint and to Defendants K.R. DRENTH and ENDURANCE employees and/or agents, including Defendant LAWSON.

53.

Defendant LIBERTY MUTUAL agreed to provide liability insurance coverage to Defendants K.R. DRENTH and ENDURANCE in consideration for the payment of insurance premiums.

54.

Mrs. Brunet, as a member of the public injured due to a common carrier's negligence, is a third-party beneficiary to the liability insurance agreement between Defendants LIBERTY MUTUAL, K.R. DRENTH and ENDURANCE.

55.

Pursuant to O.C.G.A. §§ 40-2-140 and 40-1-112, Defendant LIBERTY MUTUAL is subject to this Direct Action.

56.

Mrs. Brunet is entitled to receive payments from Defendant LIBERTY MUTUAL for the tort liability of Defendants LAWSON, K.R. DRENTH and ENDURANCE.

**COUNTY FIVE**

**(Punitive Damages)**

57.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein their entirety.

58.

The acts of Defendants LAWSON, K.R. DRENTH and ENDURANCE, as set forth in the Complaint for Damages, were willful, wanton, and demonstrated an entire want of care, which raises the presumption of conscious indifference to consequences.

59.

The misconduct of Defendants LAWSON, K.R. DRENTH, and ENDURANCE were so aggravating it authorizes, warrants, and demands the imposition of substantial punitive damages against Defendant LAWSON, K.R. DRENTH, and ENDURANCE pursuant to O.C.G.A. § 51-12-5.1.

60.

Any cap on the amount of punitive damages applied in this case would be unconstitutional because, among other reasons, it contravenes the inviolate right to trial by jury contained in Georgia's Constitution.

**COUNT SIX**

**(Attorneys' Fees and Litigation Expenses under O.C.G.A. § 13-6-11)**

61.

Plaintiff incorporates herein by reference the allegations of the previous Paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

62.

Each Defendant has acted in bad faith, has been stubbornly litigious, and/or has caused Mrs. Brunet unnecessary trouble and expense, such that Mrs. Brunet seeks to recover from Defendants all costs of litigation, including attorney's fees and expenses, pursuant to O.C.G.A. § 13-6-11 and all other applicable Georgia law.

63.

Each Defendant is liable for Mrs. Brunet's attorneys' fees and litigations expenses under O.C.G.A. § 13-6-11 and other applicable law.

**DAMAGES**

64.

As a direct and proximate cause of the negligence of the Defendants, independently, vicariously, and/or collectively, as will be further developed through this action, Mrs. Brunet suffered and will suffer into the future: physical injuries, pain, suffering, mental anguish, shock, worry, and frustration as further described herein.

65.

As a direct and proximate cause of the negligence of the Defendants, independently, vicariously, and/or collectively, as will be further developed through this action, Mrs. Brunet incurred and will incur into the future: economic damages and losses, including but not limited to medical bills.

66.

As a direct and proximate cause of the negligence of the Defendants, independently, vicariously, and/or collectively, as will be further developed through this action, Mrs. Brunet suffered a diminished capacity to work and labor now and into the future.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for the following relief:

(a) That summons issue requiring the Defendants to appear as provided by law to answer this Complaint;

(b) That service be had on the Defendants as provided by law;

(c) That the Court empanel a jury for trial of all issues in this case;

(d) That the Plaintiff be awarded all damages allowed by law for all claims set forth herein;

(e) That all costs and expenses of litigation, including attorneys' fees, be taxed against the Defendants; and

(f) That the Court award any and all further relief as it deems appropriate and

just under the circumstances of this case.

Dated: March 31, 2021

**COLE LAW GROUP, LLC**


/s/ Dorey N. Cole_____
Dorey N. Cole
Georgia Bar No.: 489664
Attorney For Plaintiff

235 Peachtree Street NE
Suite 350
Atlanta, Georgia 30303
Office: 678-832-1003
Fax: 1-800-734-8120
Email: dorey@colelawgroup.com